UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 4149

------------------------------------------------------------X
ALONGE JOHNSON,            JUDGE NATHAN

                              Plaintiff,

                -against-

CITY OF NEW YORK, LIEUTENANT ERIC DYM,
(Tax ID No. 933762), SERGEANT ERIC KONOSKI
(Shield # 03377), POLICE OFFICER RONALD
BURKE (Shield # 22762), POLICE OFFICER
DANIEL TIRADO (Shield # 04953), POLICE
OFFICER ROBERT MUI (Shield # 24241) and
POLICE OFFICER ALEXIS PONCE
(Shield # 07910),

                           Defendants.
------------------------------------------------------------X

Docket No.:

**COMPLAINT**

Jury Trial Demanded


RECEIVED MAY 29 2015 U.S.D.C. S.D.N.Y.

      Plaintiff ALONGE JOHNSON, by his attorneys, Imbesi Law P.C., complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as his rights are secured by said statutes and the Constitution of the State of New York and the United States.

### Jurisdiction

    2.    This action is brought pursuant to 42 U.S.C. §§1981, 1983, and 1988, and the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

    3.    This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343.

4.  This Court has supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367.

### Venue

5.  Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) as events giving rise to this claim occurred in this judicial district.

### Jury Demand

6.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

### Satisfaction of the Procedural Prerequisites for the Suit

7.  All conditions precedent to the filing of this action have been complied with. Within ninety (90) days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff, was served upon the defendant CITY OF NEW YORK, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. Plaintiff's claim was assigned the Claim No. 2014PI006063.

8.  At least thirty (30) days have elapsed since the service of the above-mentioned notice of claim, and the adjustment or payment of the claim has been neglected and/or refused.

9.  On March 25, 2015, plaintiff Alonge Johnson accepted the New York County District Attorney's offer of an Adjournment in Contemplation of Dismissal to dismiss all criminal charges against him.

### Parties

10. Plaintiff ALONGE JOHNSON is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

11. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by the virtue of the laws of the State of New York.

12. Defendant CITY OF NEW YORK maintains and operates the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

13. That at all times hereinafter mentioned, the individually named defendants ERIC DYM, ERIC KONOSKI, RONALD BURKE, DANIEL TIRADO, ROBERT MUI and ALEXIS PONCE (the "Police Officers") were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under the color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or CITY OF NEW YORK.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the defendant CITY OF NEW YORK.

## FACTS

16. On December 5, 2013, at approximately 8:50 PM, ALONGE JOHNSON walked into the New York City Housing Authority ("NYCHA") building located at 500 East Houston Street, New York, New York 10009 (the "Building") to visit his sister, Charless Mangine ("Ms. Mangine"), who lawfully resided in the Building in Apartment 4F (the "Apartment") with her boyfriend, Paul Bradley ("Mr. Bradley").

17. At the aforesaid time and place, the Police Officers, members of the NYPD, acting under the color of law, closely followed ALONGE JOHNSON into the Building and up the stairs to the fourth floor of the Building.

18. The Police Officers stopped ALONGE JOHNSON on the third floor landing in the stairwell, an area that is surveilled with video cameras.

19. The Police Officers escorted ALONGE JOHNSON to the fourth floor hallway, an area of the Building that is not surveilled with video cameras.

20. At the aforesaid time and place, ALONGE JOHNSON was lawfully present in the Building as an invited guest of a lawful resident of the Building, Ms. Mangine.

21. The Police Officers did not question ALONGE JOHNSON until they escorted him to the fourth floor hallway, outside of the stairwell.

22. ALONGE JOHNSON produced his identification for the Police Officers, explained that he was in the Building visiting his sister, identified exactly the Apartment unit he was going to visit, and produced a copy of the key to the Apartment which he possessed because he was a frequent visitor.

23. ALONGE JOHNSON cooperated and answered all of the Police Officers questions.

24. ALONGE JOHNSON asked the Police Officers if he was free to walk down the hallway to his sister's Apartment. The Police Officers ordered him not to move.

25. Without any reasonable suspicion that ALONGE JOHNSON was armed and/or dangerous, the Police Officers aggressively frisked ALONGE JOHNSON. The Police Officers found nothing illegal on ALONGE JOHNSON's person during the unlawful frisk.

26. ALONGE JOHNSON again asked the Police Officers if he could walk down the hallway to his sister's Apartment. The Police Officers again ordered him not to move.

27. Defendant RONALD BURKE stated that he was going to knock on Ms. Mangine's Apartment door to confirm that she was a resident and that ALONGE JOHNSON was an invited guest. ALONGE JOHNSON told RONALD BURKE that, because Ms. Mangine has been harassed by the NYPD before, she was not likely to answer the door if he knocked.

28. ALONGE JOHNSON asked RONALD BURKE if he could join him at the door, so that Ms. Mangine would see his face through the peephole in the door. RONALD BURKE ordered ALONGE JOHNSON not to move.

29. While RONALD BURKE walked down the hallway towards the Apartment, the other Police Officers, including ERIC DYM and DANIEL TIRADO, without any reasonable suspicion that ALONGE JOHNSON was armed and/or dangerous, (particularly because he had already been frisked) frisked ALONGE JOHNSON a second time.

30. Again, the Police Officers found nothing illegal on ALONGE JOHNSON's person during the second unlawful frisk.

31. Ms. Mangine did not answer her door when RONALD BURKE knocked on the Apartment door.

32. At close to 9:00 PM, ALONGE JOHNSON lawfully turned his back to the Police Officers and started to walk down the hallway towards his sister's Apartment.

33. ERIC DYM and DANIEL TIRADO violently grabbed ALONGE JOHNSON and tackled him to the floor.

34. RONALD BURKE returned to the area where ERIC DYM and DANIEL TIRADO were kicking and punching ALONGE JOHNSON.

35. RONALD BURKE and DANIEL TIRADO held ALONGE JOHNSON in a choke-hold on the floor while ERIC DYM punched and kicked ALONGE JOHNSON in the head.

36. After one (1) to two (2) minutes of aggressive punching and kicking to the head by the Police Officers, ERIC DYM sprayed ALONGE JOHNSON in the face with mace while DANIEL TIRADO and RONALD BURKE held ALONGE JOHNSON pinned to the floor. ERIC DYM then continued to punch and kick ALONGE JOHNSON in the head.

37. Notwithstanding ALONGE JOHNSON's lawful presence and the fact that two (2) illegal frisks revealed no illegal items, the Police Officers continued the unlawful arrest and imprisonment of plaintiff.

38. After placing ALONGE JOHNSON under arrest, the Police Officers confiscated ALONGE JOHNSON's cell phone.

39. The Police Officers never returned ALONGE JOHNSON's cell phone to him.

40. The Police Officers imprisoned ALONGE JOHNSON inside a police vehicle and inside a police precinct until the following day at approximately 6:00 PM., when the plaintiff was released from custody.

41. During his imprisonment, ALONGE JOHNSON was strip searched at the police precinct.

42. During his imprisonment, ALONGE JOHNSON had to be transported to Bellevue Hospital, where he remained imprisoned, to be treated for his injuries.

43. ALONGE JOHNSON's hospital records from that evening reveal an intracranial injury, eyebrow swelling, red and burning eyes and bleeding between the first and second fingers.