44. ALONGE JOHNSON also suffered a severe sprain of his right shoulder.

45. ERIC DYM admitted himself to New York Presbyterian Hospital on the evening of December 5, 2013 as well.

46. ERIC DYM's hospital records reveal that he suffered a hand contusion and swelling on bruising on his knuckles evidencing that he had hit the plaintiff.

47. ALONGE JOHNSON was transported back to the precinct where he remained imprisoned until his arraignment on the evening of December 6, 2013.

48. Twice during ALONGE JOHNSON's imprisonment at the police precinct, RONDALD BURKE banged on ALONGE JOHNSON's jail cell and screamed, "You want another shot!"

49. At his arraignment, ALONGE JOHNSON was charged with assault in the third degree (PL 120.00(1)), assault in the third degree (PL 120.00(2)), resisting arrest (PL 205.30), attempted assault in the third degree (PL 110/120.00(1)), disorderly conduct (PL 240.20(1)) and harassment in the second degree (PL 240.26(1)).

50. On March 25, 2015, The New York County District Attorney's Office charged ALONGE JOHNSON via a prosecutor's information with assault in the third degree (PL 120.00(1)), assault in the third degree (PL 120.00(2)), resisting arrest (PL 205.30) and harassment in the second degree (PL 240.26(1)).

51. On March 25, 2015, the false charges against ALONGE JOHNSON were adjourned in contemplation of dismissal.

52. Defendants ERIC DYM, ERIC KONOSKI, RONALD BURKE, ROBERT MUI, DANIEL TIRADO and ALEXIS PONCE participated in and/or failed to intervene in the illegal conduct described herein.

53. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, arresting individuals for mere presence at search/arrest locations; conducting unconstitutional/unlawful trespass enforcement policies; engaging in falsification; the inadequate screening, hiring, retaining, training and supervising of its employees; and due to discrimination against plaintiff due to his race and/or nationality.

54. The aforesaid is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding probable cause required to arrest individuals for trespass; the ramifications of falsification; the treatment of innocent and/or uninvolved individuals at the scenes of arrests; and otherwise regarding the CITY OF NEW YORK's unlawful trespass enforcement policies, customs and practices.

55. CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

56. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

57. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, the theft of his personal property and deprivation of his constitutional rights.

58. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiff due to his race and/or nationality.

## COUNT I
As Against All Defendants
(Deprivation of Rights under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. All of the aforementioned acts deprived plaintiff ALONGE JOHNSON, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

61. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to customs, usages, practices, procedures and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States.

64. As a result of the foregoing, plaintiff ALONGE JOHNSON, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**COUNT II**
As Against All Defendants
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants arrested plaintiff ALONGE JOHNSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

67. Defendants caused plaintiff ALONGE JOHNSON to be falsely arrested and unlawfully imprisoned.

68. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**COUNT III**
As Against All Defendants
(Failure to Intervene under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants had an affirmative duty to intervene on behalf of plaintiff ALONGE JOHNSON, whose constitutional rights were being violated in their presence by other officers.

71. The defendants failed to intervene to prevent the unlawful conduct described herein.

72. As a result of the foregoing, plaintiff ALONGE JOHNSON's liberty was restricted for an extended period of time, he was put in fear of his safety and life and he was humiliated and subjected to unlawful searches, handcuffing and other physical restraints.

73. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**COUNT IV**
As Against All Defendants
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "73" with the same force and effect as if fully set forth herein.

75. The defendants falsely arrested and unlawfully imprisoned plaintiff ALONGE JOHNSON because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

76. As a result of the foregoing, plaintiff ALONGE JOHNSON was deprived of his rights under the Equal Protection Clause of the United States Constitution.

77. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### COUNT V
As Against All Defendants
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "77" with the same force and effect as if fully set forth herein.

79. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

80. As a result of the foregoing, plaintiff ALONGE JOHNSON was deprived of his liberty and right to substantive due process, causing emotional injuries.

81. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### COUNT VI
As Against Eric Dym and Ronald Burke
(Supervisory Liability under 42 U.S.C. § 1983)

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "81" with the same force and effect as if fully set forth herein.

83. The supervisory defendants, CITY OF NEW YORK, RONALD BURKE and ERIC DYM, personally caused plaintiff's constitutional injury by being deliberately or