consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

84. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## COUNT VII
As Against the City of New York
(Municipal Liability under 42 U.S.C. § 1983)

85. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "84" with the same force and effect as if fully set forth herein.

86. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

87. The aforementioned customs, usage, practices, procedures and rules of the NYPD included, but were not limited to, engaging in widespread falsification; arresting individuals for mere presence at target and/or arrest and/or search locations; conducting unlawful trespass enforcement practices and/or policies and the unlawful theft of individuals' personal property without probable cause to make an arrest. In addition, defendant, CITY OF NEW YORK, engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ALONGE JOHNSON as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual

defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

88. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALONGE JOHNSON.

89. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff ALONGE JOHNSON as alleged herein.

90. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the moving force behind constitutional violations suffered by plaintiff ALONGE JOHNSON as alleged herein.

91. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD, plaintiff ALONGE JOHNSON was unlawfully arrested, illegally searched and unlawfully imprisoned.

92. Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating plaintiff ALONGE JOHNSON's constitutional rights.

93. All of the foregoing acts by defendants deprived plaintiff ALONGE JOHNSON of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from theft of personal property;

    D. To be free from the failure to intervene; and

   E. To receive equal protection under the law.

94. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**COUNT VIII**
As Against Eric Dym, Ronald Burke and Daniel Tirado
(Use of Excessive Force under 42 U.S.C. § 1983)

95. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "94" with the same force and effect as if fully set forth herein.

96. The degree of force used by ERIC DYM, RONALD BURKE and DANIEL TIRADO was excessive, unreasonable and unwarranted.

97. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

98. As a result of the excessive force and brutality, plaintiff ALONGE JOHNSON, sustained lacerations to his face and substantial pain, bleeding, bruising and swelling about his head and body.

99. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**COUNT IX**
As Against All Defendants
(New York State Constitutional Violations)

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "99" with the same force and effect as if fully set forth herein.

101. Defendants subjected plaintiff ALONGE JOHNSON to the foregoing conspiracies, acts and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§ 1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including without limitation, the following deprivations of his rights, privileges and immunities:

(a) Plaintiff was deprived of his rights to be free from unreasonable searches and seizures of his person, and seizure of his personal property; in violation of § 12 of the Constitution of the State of New York.

(b) Plaintiff was deprived of his rights to be free from the use of excessive or unreasonable force in the course of an unlawful search and seizure, in violation of § 12 of the Constitution of the State of New York;

(c) Plaintiff has been deprived of his rights to liberty, without due process of law, in violation of § 6 of the Constitution of the State of New York;

102. As a result of the foregoing, plaintiff ALONGE JOHNSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ALONGE JOHNSON demands judgment and requests the following relief, jointly and severally, against the defendants:

(A) compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       May 29, 2015

                                  IMBESI LAW PC

                                  */s/ Steven Fingerhut*
                                  Steven Fingerhut
                                  Attorneys for the Plaintiff
                                  450 7th Avenue, Suite 1408
                                  New York, New York 10123
                                  Ph: (646) 790-3853
                                  F: (212) 658-9177
                                  steven@lawicb.com