UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ALONGE JOHNSON and CHARLESS MANGINE,                    **AMENDED**
                                                        **COMPLAINT**
                              Plaintiffs,
                                                        15 CV 4149 (AJN)
              -against-
                                                        <u>Jury Trial Demanded</u>

CITY OF NEW YORK, LIEUTENANT ERIC DYM,
(Tax ID No. 933762), SERGEANT ERIC KONOSKI
(Shield # 03377), POLICE OFFICER RONALD BURKE
(Shield # 22762), POLICE OFFICER DANIEL TIRADO
(Shield # 04953), POLICE OFFICER ROBERT MUI
(Shield # 24241) and POLICE OFFICER ALEXIS
PONCE (Shield # 07910),

                              Defendants.

-----------------------------------------------------------X

Plaintiffs ALONGE JOHNSON and CHARLESS MANGINE, by their attorneys,

BRETT H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully allege as

follows:

**<u>Preliminary Statement</u>**

1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C.§§1983 and 1988 for violations of their civil rights, as

their rights are secured by said statutes and the Constitution of the United States.

**<u>JURISDICTION</u>**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments of the United States Constitution.

3.      This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and

1343.

**VENUE**

4.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) as events giving rise to this claim occurred in this judicial district.

**JURY DEMAND**

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

**PARTIES**

6.      Plaintiff ALONGE JOHNSON is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Plaintiff CHARLESS MANGINE is an African American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by the virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains and operates the New York City Police Department 'NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants ERIC DYM, ERIC KONOSKI, RONALD BURKE, DANIEL TIRADO, ROBERT MUI and ALEXIS PONCE (the "Police Officers") were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under the color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of

New York and/or CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by the defendant CITY OF NEW YORK.

## FACTS

13.     On December 5, 2013, at approximately 8:50 PM, ALONGE JOHNSON walked into the New York City Housing Authority ("NYCHA") building located at 500 East Houston Street, New York, New York I 0009 (the "Building") to visit his sister, CHARLESS MANGINE ("Ms. Mangine"), who lawfully resided in the Building in Apartment 4F (the "Apartment") with her boyfriend, Paul Bradley ("Mr. Bradley").

14.     At the aforesaid time and place, the Police Officers, members of the NYPD, acting under the color of law, closely followed ALONGE JOHNSON into the Building and up the stairs to the fourth floor of the Building.

15.     The Police Officers stopped ALONGE JOHNSON on the third floor landing in the stairwell, an area that is surveilled with video cameras.

16.     The Police Officers escorted ALONGE JOHNSON to the fourth floor hallway, an area of the Building that is not surveilled with video cameras.

17.     At the aforesaid time and place, ALONGE JOHNSON was lawfully present in the Building as an invited guest of a lawful resident of the Building, Ms. Mangine.

18.     The Police Officers did not question ALONGE JOHNSON until they escorted him to the fourth floor hallway, outside of the stairwell.

19.     ALONGE JOHNSON produced his identification for the Police Officers, explained that he was in the Building visiting his sister, identified exactly the Apartment unit he was going to visit, and produced a copy of the key to the Apartment which he possessed

because he was a frequent visitor.

20.     ALONGE JOHNSON cooperated and answered all of the Police Officers' questions.

21.     ALONGE JOHNSON asked the Police Officers if he was free to walk down the hallway to his sister's Apartment.  The Police Officers unlawfully ordered him not to move.

22.     Without any reasonable suspicion that ALONGE JOHNSON was armed and/or dangerous, the Police Officers aggressively frisked ALONGE JOHNSON. The Police Officers found nothing illegal on ALONGE JOHNSON's person during the unlawful frisk.

23.     ALONGE JOHNSON again asked the Police Officers if he could walk down the hallway to his sister's Apartment. The Police Officers again unreasonably ordered him not to move.

24.     Defendant RONALD BURKE stated that he was going to knock on Ms. Mangine's Apartment door to confirm that she was a resident, and that ALONGE JOHNSON was an invited guest. ALONGE JOHNSON told RONALD BURKE that, because Ms. Mangine has been harassed by the NYPD before, she was not likely to answer the door if he knocked.

25.     ALONGE JOHNSON asked RONALD BURKE if he could join him at the door, so that Ms. Mangine would see his face through the peephole in the door. RONALD BURKE unreasonably ordered ALONGE JOHNSON not to move.

26.     While RONALD BURKE walked down the hallway towards the Apartment, the other Police Officers, including ERIC DYM, the supervisor of the other Police Officers, and DANIEL TIRADO, without any reasonable suspicion that ALONGE JOHNSON was armed and/or dangerous, (particularly because he had already been frisked) frisked ALONGE

4

JOHNSON a second time.

27.     Again, the Police Officers found nothing illegal on ALONGE JOHNSON's person during the second unlawful frisk.

28.     Upon information and belief, defendant BURKE did not knock on Ms. Mangine's door.

29.     At close to 9:00 PM, ALONGE JOHNSON lawfully turned his back to the Police Officers and started to walk down the hallway towards his sister's Apartment to help clear up the situation.

30.     ERIC DYM and DANIEL TIRADO violently grabbed ALONGE JOHNSON and tackled him to the floor without justification.

31.     RONALD BURKE returned to the area where ERIC DYM and DANIEL TIRADO were kicking and punching ALONGE JOHNSON. RONALD BURKE and DANIEL TIRADO held ALONGE JOHNSON in a choke-hold on the floor while ERIC DYM punched and kicked ALONGE JOHNSON in the head.

32.     After a period of aggressive punching and kicking to the head by the Police Officers, ERIC DYM sprayed ALONGE JOHNSON in the face with mace while DANIEL TIRADO and RONALD BURKE held ALONGE JOHNSON pinned to the floor. ERIC DYM then continued to punch and kick ALONGE JOHNSON in the head.

33.     CHARLESS MANGINE stepped out into the hallway after she heard screaming that sounded like ALONGE JOHNSON. CHARLESS MANGINE attempted to walk over to ALONGE JOHNSON when she saw him being punched and kicked in the head, but was stopped by an officer pointing a weapon at her. A defendant officer handcuffed CHARLESS MANGINE and he hit her elbow against the frame of the apartment door.

34.     Notwithstanding ALONGE JOHNSON's lawful presence and the fact that two

(2) illegal frisks revealed no illegal items, and the fact that CHARLESS MANGINE did not commit any crime or infraction, the Police Officers continued the unlawful arrest and imprisonment of both plaintiffs.

35.     After placing ALONGE JOHNSON under arrest, the Police Officers confiscated ALONGE JOHNSON's cell phone.

36.     The Police Officers never returned ALONGE JOHNSON's cell phone to him.

37.     The Police Officers imprisoned ALONGE JOHNSON and CHARLESS MANGINE inside a police vehicle, inside a police precinct, and caused them to be jailed in Central Booking, until the following day at approximately 6:00 PM., when the plaintiffs were released from custody.

38.     During their imprisonment, plaintiffs were unreasonably searched, with precinct records confirming the unreasonable strip searched of ALONGE JOHNSON at the POLICE OFFICERS' police precinct.

39.     During his imprisonment, ALONGE JOHNSON had to be transported to Bellevue Hospital, where he remained imprisoned, to be treated for his injuries.

40.     ALONGE JOHNSON's hospital records from that evening reveal an intracranial injury, eyebrow swelling, red and burning eyes and bleeding between the first and second fingers

41.     ALONGE JOHNSON also suffered a sprain of his right shoulder.

42.     ERIC DYM admitted himself to New York Presbyterian Hospital on the evening of December 5, 2013 as well.

43.     ERIC DYM's hospital records reveal that he suffered a hand contusion and swelling on bruising on his knuckles evidencing that he had hit the plaintiff.

44.     ALONGE JOHNSON was transported back to the precinct where he remained

imprisoned until his arraignment on the evening of December 6, 2013.

45.    Twice during ALONGE JOHNSON's imprisonment at the police precinct,
RONDALD BURKE banged on ALONGE JOHNSON's jail cell and screamed, "You want
another shot!"

46.    At his arraignment, ALONGE JOHNSON was charged with assault in the third
degree (PL 120.00(1)), assault in the third degree (PL 120.00(2)), resisting arrest (PL 205.30),
and attempted assault in the third degree (PL 110/120.00 (1), disorderly conduct (PL
240.20(1)) and harassment in the second degree (PL 240.26(1)).

47.    On March 25, 2015, The New York County District Attorney's Office charged
ALONGE JOHNSON via a prosecutor's information with assault in the third degree (PL
120.00(1)), assault in the third degree (PL 120.00(2)), resisting arrest (PL 205.30) and
harassment in the second degree (PL 240.26(1)).

48.    Said charges were based on false allegations conveyed to prosecutors by
RONALD BURKE regarding plaintiff's purported conduct as to BURKE and ERIC DYM, as
well as its effect on individuals in the vicinity of the incident.

49.    On March 25, 2015, the false charges against ALONGE JOHNSON were
adjourned in contemplation of dismissal.  They were dismissed and sealed on September 23,
2015.

50.    At her arraignment, CHARLESS MANGINE was charged with obstructing
governmental administration in the second degree (PL 195.05) and disorderly conduct (PL
240.20(1).

51.    Said charges were based on false allegations conveyed to prosecutors regarding
RONALD BURKE's purported observations of Ms. MANGINE's conduct and its effect on
her neighbors.

52.     On December 6, 2013, the false charges against CHARLESS MANGINE were adjourned in contemplation of dismissal.  The charges were dismissed and sealed on June 5, 2014.

53.     Defendants ERIC DYM, ERIC KONOSKI, RONALD BURKE, ROBERT MUI, DANIEL TIRADO and ALEXIS PONCE participated in and/or failed to intervene in the illegal conduct described herein.

54.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, arresting individuals for mere presence at search/arrest locations; conducting unconstitutional/unlawful trespass enforcement policies; engaging in falsification;  engaging in unreasonable strip searches; the inadequate screening, hiring, retaining, training and supervising of its employees; and due to discrimination against plaintiffs due to their race and/or nationality.

55.     The aforesaid is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding probable cause required to arrest individuals for trespass; the ramifications of falsification; the treatment of innocent and/or uninvolved individuals at the scenes of arrests; and otherwise regarding the CITY OF NEW YORK' s unlawful trespass enforcement policies, customs and practices.

56.     CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff s civil rights.

57.     Moreover, upon information and belief, defendant CITY OF NEW YORK was

aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

58.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, the theft of ALONGE JOHNSON's personal property, and deprivation of their constitutional rights.

59.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to discrimination against plaintiffs due to their race and/or nationality.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest under 42 U.S.C. §1983 Against the Police Officers)

60.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1"through "59" with the same force and effect as if fully set forth herein.

61.     All of the aforementioned acts deprived plaintiffs ALONGE JOHNSON and CHARLESS MANGINE, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

62.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

63.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, pursuant to customs, usages, practices, procedures and the rules of the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

64.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the Constitution of the United States.

65.     Defendants arrested plaintiffs ALONGE JOHNSON and CHARLESS MANGINE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

66.     Defendants caused plaintiffs ALONGE JOHNSON and CHARLESS MANGINE to be falsely arrested and unlawfully imprisoned.

67.     As a result of the foregoing, plaintiffs ALONGE JOHNSON and CHARLESS MANGINE are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 Against the Police Officers)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendant officers created false evidence against plaintiffs ALONGE JOHNSON and CHARLESS MANGINE.

70.     Defendant RONALD BURKE signed utilized this false evidence against the plaintiffs in legal proceedings.

71.     As a result of defendants' creation and use of false evidence, which defendant

RONALD BURKE and ERIC DYM conveyed to the New York County District Attorney's

Office, plaintiffs suffered a violation of their constitutional right to a fair trial, as guaranteed

by the United States Constitution.

72.     As a result of the foregoing, plaintiffs ALONGE JOHNSON and CHARLESS

MANGINE are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed

by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 Against the Police Officers)

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs "1"through "72" with the same force and effect as if fully set forth herein.

74.     The degree of force used by ERIC DYM, RONALD BURKE and DANIEL

TIRADO was excessive, unreasonable and unwarranted.

75.     Defendants' actions were intentional, willful, malicious, reckless, egregious,

grossly reckless, unconscionable and unprovoked.

76.     As a result of the excessive force and brutality, plaintiffs ALONGE JOHNSON

and CHARLESS MANGINE pain and suffering and emotional distress.

77.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in

an amount to be fixed by a jury, and are further entitled to punitive damages against the

individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs

and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Searches under 42 U.S.C. §1983 Against the Police Officers)

78.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants unreasonably searched plaintiff the plaintiffs in the absence of reasonable individualized suspicion that they were in possession of weapons or contraband at the time they were searched.

80.     Defendants thereby caused plaintiffs to be deprived of their right to be free from unreasonable searches.

81.     As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983 Against the Police Officers)

82.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "l" through "81" with the same force and effect as if fully set forth herein.

83.     Defendants had an affirmative duty to intervene on behalf of plaintiff s ALONGE JOHNSON and CHARLESS MANGINE, whose constitutional rights were being violated in their presence by other officers.

84.     The defendants failed to intervene to prevent the unlawful conduct described herein.

85.     As a result of the foregoing, plaintiffs ALONGE JOHNSON and CHARLESS MANGINE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 Against Eric Dym)

86.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "l" through "86" with the same force and effect as if fully set forth herein. The supervisory defendant, ERIC DYM, personally caused plaintiff's constitutional injury by being deliberately, consciously indifferent to the rights of others in failing to properly supervise and train his subordinate employees.  As a result of the foregoing, plaintiffs ALONGE JOHNSON and CHARLESS MANGINE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 Against the City of New York)

87.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1"through "87" with the same force and effect as if fully set forth herein.

88.     Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

89.     The aforementioned customs, usage, practices, procedures and rules of the NYPD included, but were not limited to, engaging in widespread falsification; arresting individuals for mere presence at target and/or arrest and/or search locations; conducting unlawful trespass enforcement practices and/or policies and the unlawful theft of individuals' personal property without probable cause to make an arrest.  In addition, defendant CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring,

retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ALONGE JOHNSON and CHARLESS MANGINE's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

90.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ALONGE JOHNSON and CHARLESS MANGINE.

91.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs ALONGE JOHNSON and CHARLESS MANGINE as alleged herein.

92.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD were the moving force behind constitutional violations suffered by plaintiffs ALONGE JOHNSON and CHARLESS MANGINE as alleged herein.

93.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the NYPD, plaintiffs ALONGE JOHNSON and CHARLESS MANGINE were subjected to the above-described constitutional violations.

94.     Defendants, collectively and individually, while acting under the color of state law, were directly and actively involved in violating plaintiffs ALONGE JOHNSON'S and CHARLESS MANGINE'S constitutional rights.

95.     All of the foregoing acts by defendants deprived plaintiffs ALONGE

JOHNSON and CHARLESS MANGINE of federally protected rights, including, but not limited to, the right:

> A.   To be free from false arrest/unlawful imprisonment;
>
> B.   To be free from deprivation of the right to a fair trial;
>
> C.   To be free from excessive force;
>
> D.   To be free from unreasonable searches;
>
> E.   To be free from the failure to intervene; and
>
> F.   To be free from supervisory liability.

96.    As a result of the foregoing, plaintiffs ALONGE JOHNSON and CHARLESS MANGINE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ALONGE JOHNSON and CHARLESS MANGINE

demand judgment and request the following relief, jointly and severally, against the

defendants:

    A.  compensatory damages in an amount to be determined by a jury;

    B.  punitive damages against the individually named defendants in an amount
to be determined by a  jury;

    C.  reasonable attorney's fees and the costs and disbursements of this action;
and

    D.  such other and further relief as appears just and proper.

Dated: New York, New York
       May 9, 2016

                     BRETT H. KLEIN, ESQ., PLLC
                     Attorneys for the Plaintiffs
                     305 Broadway, Suite 600
                     New York, New York 10007
                     (212) 335-0132

                     By:    /s/ Brett Klein
                           Brett H. Klein (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ALONGE JOHNSON and CHARLESS MANGINE,

                                    Plaintiffs,

                                                                    15 CV 4149 (AJN)

                        -against-

CITY OF NEW YORK, LIEUTENANT ERIC DYM,
(Tax ID No. 933762), SERGEANT ERIC KONOSKI
(Shield # 03377), POLICE OFFICER RONALD BURKE
(Shield # 22762), POLICE OFFICER DANIEL TIRADO
(Shield # 04953), POLICE OFFICER ROBERT MUI
(Shield # 24241) and POLICE OFFICER ALEXIS
PONCE (Shield # 07910),

                                    Defendants.
-------------------------------------------------------------X


**AMENDED COMPLAINT**


BRETT H. KLEIN, ESQ., PLLC
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132